BOARD OF SUPERVISORS OF MACON COUNTY

*v.*

RICHARD A. NEWELL *et al.*

COUNTY—*liability on order of supervisor under Pauper Law.* In a suit against the county for the price of goods delivered to different parties upon the order of a supervisor, where, from the evidence, it appears that in some of the instances the goods were properly furnished to the parties on the orders, under the law in regard to paupers, whilst in others there was no evidence showing that the parties supplied were or were not paupers, within the meaning of the law, the jury disallowed a large portion of the claims, and rendered a verdict for only a small portion: *Held,* that the verdict was not so manifestly against the evidence as to require that it should be disturbed.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. C. C. McCOMAS, and Messrs. NELSON & ROBY, for the appellant.

Messrs. CREA & EWING, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon the common count for goods sold and delivered, brought against the Board of Supervisors of Macon county, and is founded upon certain written orders given by the supervisor and assistant supervisor of Decatur township to various persons, to let such persons have groceries to the amounts named in the orders, upon which the appellees,

Newell & Hammer, furnished to the persons named therein, groceries, to the amount of the several orders. The plaintiffs recovered and the defendant appealed.

In counties under township organization, the statute makes the supervisors of each town overseers of the poor, and it is claimed by the appellees that the orders in question were given by the supervisor and assistant supervisor of the town in the exercise of their duties as overseers of the poor. These orders are about one hundred in number, given to many different persons, consisting of small amounts, ranging from fifty cents to five dollars, and amounting, in the aggregate, to some $220 and upward. The plaintiffs admitted, on the trial, to having received payment of $98.75, and claimed $134.60 to be still due them. The verdict and judgment were for $50.

It is insisted by appellant that the verdict was contrary to the evidence—that the relief was furnished by the overseers of the poor under circumstances wherein it was not authorized by the statute relating to "Paupers." We find, from the evidence, that in some of the instances the supplies were properly enough furnished, under the 4th section of the act, which, in the case of a person, not coming within the definition of a pauper, falling sick, without having money or property to pay his board, nursing and medical aid, makes it the duty of the proper overseer of the poor to give, or order to be given, such assistance to such poor person as he may deem just and necessary. In the other instances, the justification of what was done must be found in the fact that the persons relieved were paupers, and that they were, under the statute, properly relievable out of the county treasury.

Section 3 of the act provides, that "where any such (as before named) poor person shall not have any such relatives in any county in this State as are named in the preceding sections, or such relative shall not be of sufficient ability, or shall fail or refuse to maintain such pauper, then the said pauper shall receive such relief as his or her case may require, out of the county treasury, in the manner hereinafter provided." As there was no express proof made of any of the circumstances

named in this section as authorizing relief out of the county treasury, it is claimed that the evidence failed to show that any of the persons to whom the orders in question were given were relievable as paupers by the county. Although there was no distinct proof made of the existence of such circumstances, there was none made to the contrary, except in a very few instances, and, from facts in evidence in some of the cases, the jury might, perhaps not unwarrantably, infer that those circumstances did exist. We can see that in some cases there were relatives able to and who should have furnished the support.

Upon an examination, then, of the evidence in detail, we find that some of the claims were a proper charge against the county and others not. We find that the jury did disallow a large portion of the claims, rendering a verdict for only a small part of them. We do not feel authorized, from the testimony, to say that their finding in this respect is so manifestly against the evidence as to require that the verdict should be disturbed.

Objection is taken to the giving of the first instruction for plaintiff, and refusing two instructions asked by the defendant.

The instruction given for the plaintiff was based upon the fourth section of the act, and, so far as we see, was in accordance therewith. The first refused instruction of the defendant seems to be substantially embraced in other instructions which were given for the defendant, and so the refusing thereof is no just cause of complaint. The second instruction refused would seem to have been properly enough refused as inapplicable.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BREESE: I do not concur in this opinion. I do not think there was any liability on the county to pay this claim. I also think the two refused instructions, asked by defendant, should have been given.